# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) <br> OF WENDY PEDIGO, as Owner or Owner ) <br> *Pro Hac Vice* of a 1986 Regal Open Motorboat ) <br> Bearing Hull ID RGM12338L586 for ) <br> Exoneration from or Limitation of Liability, ) <br> ) <br>      *Petitioner*. ) | No. 1:22-cv-00268-TAV-CHS |

## REPORT AND RECOMMENDATION REGARDING ORDER RESTRAINING SUITS, APPROVING PETITIONER'S SECURITY, DIRECTING ISSUE OF NOTICE AND THE FILING OF CLAIMS

This matter is before the Court upon Petitioner Wendy Pedigo's Motion for Entry of Order Restraining Suits, Approving Petitioner's Security, Directing Issue of Notice and the Filing of Claims [Doc. 11]. The referenced motion was referred to United States Magistrate Judge Christopher H. Steger for consideration and determination, or report and recommendation, as may be appropriate [Doc. 12].

The undersigned Magistrate Judge conducted a hearing, via videoconference, with Petitioner's counsel, Charles Thomas Miller and Matthew S. Eddy, on January 18, 2023, and determined that, because the relief being requested by Petitioner includes injunctive relief, appropriate disposition of the motion should be accomplished through a Report and Recommendation to the Honorable District Judge Thomas A. Varlan.

Based upon the filings in this case and the hearing with Petitioner's counsel, the undersigned Magistrate Judge finds that a Complaint was filed on October 21, 2022, by the above-named Petitioner, WENDY PEDIGO, as Owner or Owner *Pro Hac Vice* of a 20-foot, 1986 Regal Open Motorboat bearing Hull ID RGM12338L586 (hereinafter, "the Vessel"), for Exoneration from, or Limitation of Liability, pursuant to 46 U.S.C. § 30501 *et seq.*, and Rule F of the

Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure concerning any claims and/or losses arising or resulting from an alleged boating incident, which occurred in the navigable waters of the United States on April 23, 2022, in the United States, on Nickajack Reservoir, Tennessee River, as more fully described in the Complaint. In the Complaint, Petitioner stated that the value of the Petitioner's interest in the Vessel did not exceed the sum of $509.00 after the alleged accident. Further, Petitioner has filed with the Court an *Ad Interim* Security for the benefit of any and all claimants, with surety, equal to the amount or value of Petitioner's interest in the said Vessel, with interest at six percent (6%) per annum from the date hereof, executed by marine insurer **PROGRESSIVE HAWAII INSURANCE CORPORATION**.

For the reasons set forth above, it is hereby **RECOMMENDED**[1] that the Honorable District Judge Thomas A. Varlan enter an **ORDER** requiring that:

1. Petitioner Wendy Pedigo's Motion for Entry of Order Restraining Suits, Approving Petitioner's Security, Directing Issue of Notice and the Filing of Claims [Doc. 11] be **GRANTED**.

2. The above-described *Ad Interim* Security, with interest as aforesaid, filed by Petitioner for the benefit of any and all claimants as security representing the Petitioner's interest in the Vessel, be **APPROVED**.

3. The Court, only upon motion and good cause shown, shall cause appraisement of the value of the Vessel, and may thereupon order said security increased or reduced if it finds the amount thereof insufficient or excessive.

4. Any claimant in these proceedings may express—only upon good cause shown and by written notice filed with the Court and served upon all parties of record—his/her

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

dissatisfaction with **$509.00** as surety. In this event, Petitioner shall within thirty (30) days of the entry of an order by the Court concerning the surety, cause security to be posted in the form provided by Supplemental Rule F(1) of Admiralty or maritime claims and asset forfeiture actions of the Federal Rules of Civil Procedure and satisfactory to this Court, failing which the injunction entered concurrently herewith will be vacated as to all claimants, and the Court will make such further orders as the cause of justice may require.

5. A **Notice be issued by the Clerk of this Court** (which Notice is attached as **Exhibit A**) to all persons asserting claims or suits with respect to which the Complaint seeks Exoneration from or Limitation of Liability admonishing them to file their respective claims with the Clerk of this Court, in writing, and to serve on the attorneys for the Petitioner a copy thereof, **on or before March 31, 2023,** or be defaulted[2]; and that if any claimant desires to contest either the right to Exoneration from or the right to Limitation of Liability, such claimant shall file and serve on the attorneys for the Petitioner, C. Thomas Miller, Esq., WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC, P.O. Box 995, Paducah, Kentucky 42002-0995, an Answer to the Complaint on or before the said date, unless the claim has included an Answer to the Complaint, so designated, or be defaulted.

6. The aforesaid **Notice shall be published** in <u>The Chattanooga Times Free Press,</u> a newspaper with a general circulation including, Chattanooga, Tennessee, once a week for four (4) weeks before the return date of said Notice, as provided by the aforesaid Supplemental Rule F and copies of said Notice shall be mailed by Petitioner in accordance with this rule to every person known to have a claim or potential claim against the Vessel or Petitioner (or to their attorneys). Petitioners acknowledge that Potential claimants who should receive notice include, without limitation, the following persons:

   **Taylor Sewell**
   **3313 Adkins Rd.**
   **Chattanooga, TN 37419**

   **Jarred D. Laney**
   **3335 Browndell Dr.**
   **Chattanooga, TN 37419**

   **Nathan T. Ashcraft**
   **22924 Hwy. 41**
   **Chattanooga, TN 37419**

---

[2] There are certain actions a potential claimant must take before March 31, 2023. Failure to take such actions could result in waiver of a potential claimant's claim. See paragraph 5 for a description of the actions that must be taken to preserve a claim.

**Daniel E. Moses**
**1218 Browns Ferry Rd.**
**Chattanooga, TN 37419**

7. The further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court of any jurisdiction, or otherwise, against the Petitioner, their insurers, and/or the Vessel, and the taking of any steps and the making of any motion in such actions, suits or proceedings except in this action, to recover damages for or in respect to the aforesaid alleged accident in the Complaint, **be restrained, stayed and enjoined** until the hearing and determination of this action, and all warrants of arrest of the Vessel and/or attachment issued or sought in such other suits, actions or legal proceedings be and the same are hereby dissolved and further warrants of arrest of the Vessel and/or attachment are hereby prohibited.

8. Service of this Order as a Restraining Order be made through the Post Office by mailing a conformed copy hereof to the person or persons to be restrained, or to their respective attorneys.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) <br> OF WENDY PEDIGO, as Owner or Owner ) <br> *Pro Hac Vice* of a 1986 Regal Open Motorboat ) <br> Bearing Hull ID RGM12338L586 for ) <br> Exoneration from or Limitation of Liability, ) <br> ) <br>                 *Petitioner*.          ) | No. 1:22-cv-00268-TAV-CHS |

**NOTICE OF COMPLAINT FOR
EXONERATION FROM OR LIMITATION OF LIABILITY**

**PLEASE TAKE NOTICE THAT** Petitioner, WENDY PEDIGO, as Owner or Owner *Pro Hac Vice* of a 20-foot, 1986 Regal Open Motorboat bearing Hull ID RGM12338L586 (hereinafter "the Vessel") has filed a Complaint claiming the right to Exoneration from or Limitation of Liability pursuant to U.S. maritime law, the Vessel owner's Limitation of Liability Act, Title 46 U.S.C. § 30501, *et seq*., involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, for all claims and/or losses, arising or resulting from an accident, which occurred on April 23, 2022 on the navigable waters of the United States, on Nickajack Reservoir, Tennessee River, as more fully described in the Complaint; and

**PLEASE TAKE FURTHER NOTICE** that all persons, firms, entities or corporations, having any claim or suit against Petitioner arising or resulting from the accident must file a Claim as provided in Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, with the Clerk of the Court, at the United States Courthouse, Eastern District of Tennessee, 900 Georgia Avenue, Chattanooga, TN 37402 and must deliver or

mail to the attorneys for the Petitioner, C. Thomas Miller, Whitlow, Roberts, Houston & Straub, PLLC, P.O. Box 995, Paducah, Kentucky, 42002-0995, a copy on or before **on or before March 31, 2022,** or be defaulted. Personal attendance is not required. Further, any claimant desiring to contest Petitioner's right either to Exoneration from or Limitation of Liability shall file an Answer to the Complaint on or before the aforesaid date as required by Supplemental Rule F for Admiralty or Maritime and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and deliver or mail a copy to the attorneys for the Petitioner, or be defaulted.